UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 13 |
| ) | |
| PARTENA T. TESCA, ) | CASE NO. 05-66893 |
| ) | |
| Debtor. ) | JUDGE RUSS KENDIG |
| ) | |
| ) | |
| ) | **MEMORANDUM OF DECISION** |
| ) | **(NOT INTENDED FOR** |
| ) | **PUBLICATION)** |

On October 20, 2006, debtor's counsel, William Paul Bringman (hereafter "counsel"), filed an application for fees resulting from services rendered during debtor's chapter 13 bankruptcy case. Through the motion, and pursuant to 11 U.S.C. § 1326(a)(2), counsel requests approximately $17,470.00[1] in fees and $349.52 in expenses. Notice of the motion was provided and no responses were filed.

The court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district on July 16, 1984. This is a core proceeding over which the court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this judicial district pursuant to 28 U.S.C. § 1408.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtor filed a chapter 13 case on October 6, 2005. A plan was never confirmed. On October 16, 2006, following a hearing on trustee's amended motion to dismiss, the court entered an order dismissing the case for debtor's failure to make payments. Following dismissal, on October 20, 2006, counsel filed the motion for fees. In the motion he seeks in excess of $17,000.00 in fees and $349.52 in expenses. The chapter 13 trustee holds approximately $12,000.00 of undisbursed funds from the payments debtor made while the case was pending.

The motion contains an itemization of services rendered and the following statement:

> Counsel for Debtor states that the reasonable value of the
> services would be at the rate of $150.00 per hour. Counsel

---

[1] The court notes that this is more than ten times the amount disclosed by counsel.

>  is of the opinion that the time spent was reasonably
>  necessary for the representation of Debtor herein and the rate
>  for the services is reasonable and customary for those services
>  rendered herein. The expenses incurred for debtor were
>  reasonably necessary in the representation of the debtor
>  herein and were reasonable in the amount thereof. Debtor
>  paid $950 toward the fees and expenses herein.

The disclosure of compensation filed with the court on October 20, 2005 reveals that counsel agreed to accept $1,500.00 for legal services and received $756.00 prior to the filing. A special provision contains the following language: "If after confirmation of the plan there are matters to undertake for debtor such (sic) the representation in those matters would be at the rate of $175.00 per hour plus expenses."[2]

## DISCUSSION

Pertinent to the motion is Administrative Order 04-02, enacted on July 19, 2004, and applicable to cases filed between September 1, 2004 and October 16, 2005. Of particular import is paragraph ten which states: "If the Chapter 13 case is either converted or dismissed without reinstatement before confirmation of a plan, absent contrary order, the Trustee shall pay to the attorney for the debtor, to the extent funds are available, an administrative claim equal to 50% of the unpaid balance of total fee that the debtor agreed to pay up to $625.00." This paragraph establishes the allowed claim in preconfirmation dismissal cases.

The disclosure filed by counsel indicates that he agreed to provide preconfirmation services to debtor for $1,500.00. Nothing in the disclosure indicates that counsel would be entitled to receive up to $17,000.00, or more, for preconfirmation work, but it is clear that postconfirmation work was subject to an application for fees. This agreement was struck between the debtor and counsel and the disclosure of their agreement was filed with the court on October 20, 2005.[3] Thus, the court does not have grounds to award hourly fees for the preconfirmation services itemized in counsel's motion.

When counsel's fees have not been paid, the administrative order provides that counsel can receive, as an allowed claim, up to 50% of the unpaid fee. The disclosure indicates counsel charged $1,500.00 and received $756.00 prior to filing, leaving a balance of $744.00. Fifty percent of $744.00 is $372.00 and counsel is entitled to this amount as an administrative expense claim distributable from the funds on hand with the trustee.

---

[2] The court notes the discrepancies between the motion and the disclosure. For the purposes of this motion, the court will accept the amounts set forth in the disclosure as accurate.

[3] In making this decision, the court is not commenting on whether counsel can pursue fees under a written fee agreement with debtor following dismissal, nor is the court commenting on the reasonableness or value of the underlying services. The court merely finds that there is nothing in the record which warrants deviation from the award of fees established in the administrative order.

Even if counsel had struck a different deal, there is serious doubt as to whether the court has, or should exercise, jurisdiction over this type of motion. Pursuant to 11 U.S.C. §349(b)(3), "a dismissal of a case other than under section 742 of this title–ーー. . . (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." This appears to be in conflict with section 1326(a)(2), which provides in applicable part, that "[i]f a plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under section 503(b) of this title."[4] The question arising from this statutory conflict, whether the property immediately revests, or revests subject to section 1326(a)(2), was discussed in recent decisions from the Bankruptcy Court for the Eastern District of Pennsylvania.

On an analogous fact patterns, the courts concluded, after thorough review:
"§ 349(b)(3) is the Code provision that governs the disposition of all estate property upon dismissal of a chapter 13 case and that the policies expressed by Congress in § 1326(a)(2) are best implemented through the exercise of the court's discretion under § 349(b)(3)." In re Lewis, 346 B.R. 89, 111 (Bankr. E.D. Penn. 2006) (citing In re Thompson, 418 F.3d 362 (3d Cir. 2005)). *See also* In re Ragland, 2006 WL 1997416 (Bankr. E.D. Pa. 2006); In re Neil, 2006 WL 1997416 (Bankr. E.D. Pa. 2006); In re DeLuca, 142 B.R. 687 (Bankr. N.J. 1992). The decisions issued by the Pennsylvania bankruptcy courts conclude that the property immediately revests with the debtor and the courts declined to find cause to exercise discretion to consider an award of fees when the application for fees was filed post-dismissal. Thus, counsel's remedy was determined to be one under state law based on the parties' contractual relationship.

## CONCLUSION

Administrative Order 04-02 specifically addresses fees available to counsel when a chapter 13 case is dismissed prior to confirmation. In light of counsel's disclosure that hourly fees would be charged for postconfirmation services, and all services subject of the motion were rendered prior to confirmation, there is no basis in the record for an award of the fees requested. Therefore the court will allow fees of $372.00 pursuant to the administrative order, as well as the expenses requested.

An order in accordance with this opinion will be issued herewith.

/s/ Russ Kendig
RUSS KENDIG
U.S. BANKRUPTCY JUDGE    NOV 28 2006

---

[4] The case was filed under prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

**Service List**:

William Paul Bringman
13 E. College St.
Fredericktown, OH 43019-1192

Partena T. Tesca
204 Linden Road
Mansfield, OH 44906

Toby L. Rosen
400 W. Tuscarawas St.
Charter One Bank Building, 4th Floor
Canton, OH 44702